**Opinion issued January 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00354-CV

———————————

## ALFRED F. BERNAT, Appellant

## V.

## TOMAS SOTELO AND BENANCIA SOTELO, Appellees

On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 1016865

## MEMORANDUM OPINION

Plaintiff-appellee Alfred Bernat appeals the trial court's summary judgment.

We affirm.

# BACKGROUND

Bernat sued defendants-appellees Tomas Sotelo and Benancia Sotelo in the Harris County Civil Court at Law, seeking possession of certain real property on Larkin Street and an award of damages. Specifically, Bernat's petition alleges that he has expended money for repairs and maintenance to parts of the Larkin property, and that the Sotelos have refused to pay rent or move. He also states that he does not remember signing an agreement to sell the property to the Sotelos.

Bernat's petition acknowledges that he brought three unsuccessful forcible entry and detainer proceedings in justice court before filing the underlying suit, but claims that they were wrongfully defeated by the Sotelos' attorney's "fraudulent statements." Bernat's petition identifies the following claims:

"Count I – Unclean Hands": Bernat alleges that the Sotelos and their attorney committed fraud to defeat his eviction suits in justice courts. Under the doctrine of "unclean hands," Bernat asserts that the Sotelos should be denied relief and he should be awarded equitable damages.

"Count II – Violation of Constitutionally Protected Rights": Bernat alleges that he is entitled to relief under the Fourteenth Amendment's guarantee that no State will deprive a person of life or liberty without due process of law.

"Count III – Bond – Justice Court Set Bond" Bernat alleges that the $2,500 appeal bond set by the justice court was a sanction that was "excessive and unreasonable."

"Sanction – Judgment Abused Court Discretion": Bernat contends that the justice court erred in not taking into consideration Texas Rule of Civil Procedure 215 in setting the amount of sanctions awarded against him.

"Conclusion – Fraud Upon the Court": Bernat complains that his rights and privileges were adversely impacted by the Sotelos' actions and the actions of their lawyer and other parties. He asserts that the justice court committed error by ordering him to pay $1,800 of the Sotelos' attorneys' fees.

"Equitable Rescission": Bernat argues that the deed to the Sotelos should be rescinded based upon "unilateral mistake."

His prayer for relief requested the court enter a final judgment awarding (1) a minimum of $250,000 in actual damages, (2) punitive damages, (3) all expenses and costs, including attorneys' fees, (4) exemplary and future damages, (5) profits, (6) prejudgment and post-judgment interest, (7) removal of the Sotelos from the Larkin property, (8) $1,200 in monthly rent for the pendency of the appeal, (9) additional costs and expenses if known or unknown, (10) return of the bond, (11) void the judgment of fraud, and (12) void the sanctions' judgment.

From a review of the entire record, it appears that the parties' dispute started over two lots that were omitted from the Warranty Deed transferring the Larkin property from Bernat to the Sotelos. According to the Sotelos, they purchased the Larkin property—including all four lots—from Bernat in 1991. The Larkin property contains a house that straddles four different tracts—380 & 381 at the front and 727 & 726 at the back—which taken together make up a 50' x 128' parcel that has been completely fenced since purchase. The parties' "Agreement to Buy and Sell" listed the Larkin property's address and describes the property as containing a "lot measuring 50' x. 128'." The Warranty Deed, however, omitted

3

reference to lots 381 & 726, resulting in a property description of a lot that is only 25' x 128.' It appears that when the Sotelos tried to later remedy this error, Bernat began making claims on the property.

## A.    The Parties' Summary-Judgment Motions

The Sotelos filed a combined no-evidence and traditional summary-judgment motion in the trial court. The no-evidence motion argued that there was no evidence to support Bernat's claims that (1) there is a lease agreement, (2) the Sotelos breached a lease agreement, or (3) Bernat did not sell the entire Larkin property to the Sotelos.

Their traditional summary-judgment motion sought judgment in their favor and an award of attorneys' fees. It proffered, as evidence, (1) Benancia Sotelo's affidavit; (2) an October 26, 1991 agreement for sale of the Larkin property signed by Bernat and the Sotelos; (3) the Warranty Deed; (4) the Deed of Trust; (5) the Release of Lien; (6) a certified copy of the September 14, 2011 judgment of the Justice Court, Pct. 1, Place 1, Harris County, Texas stating that Bernat's eviction suit was brought in bad faith; (7) a certified copy of the May 15, 2012 judgment of Justice Court, Pct. 1, Place 1, Harris County, Texas stating that Bernat's second eviction suit was brought in bad faith; (8) a certified copy of the judgment of the 164th district court ordering that Bernat take nothing on his claims to Lots 381 and

727 and awarding title to those lots to the Sotelos; and (9) an attorneys' fees affidavit.

Bernat filed a cross-motion for summary judgment and motion to strike the Sotelos' summary-judgment evidence. His motion complained of the sanctions in the justice court, the alleged fraud on the court by the Sotelos' lawyer, and requested the sale to the Sotelos be set aside as void or, alternatively, rescinded and the property placed into a constructive trust.

## B.    The Trial Court's Judgment

In a Final Summary Judgment, the trial court rendered judgment for the Sotelos, awarded to them attorneys' fees, and ordered that Bernat take nothing.

## THIS APPEAL

Bernat's appellant's brief identifies no issues for appeal and contains no discussion or cites to the summary-judgment record. The only two legal arguments related to the specifics of this case are his assertions that (1) Ms. Soltelo's affidavit in support of summary judgment is false and should not be considered, and (2) the Sotelos' attorney committed fraud on the court by relying upon Ms. Sotelo's affidavit in court. He cites no evidentiary support for his allegations.

The Sotelos respond that the trial court's summary judgment was proper because they conclusively established their entitlement to judgment, and because Bernat failed to produce any evidence raising a fact issue in contravention of their

no-evidence motion. The Sotelos also contend that Bernat has waived any issue on appeal by designating an incomplete record (i.e., omitting the summary-judgment briefing, evidence, and resulting order), failing to set forth any issues or points as assigned error in his brief, failing to provide any citation to the trial-court record, and failing to discuss any legal principles in factual context.

We agree that Bernat's brief is devoid of any substantive argument on the actual issues presented in the trial court, the facts of the underlying case, or the summary judgment granted. Parts of the brief are incomprehensible, and it lacks appropriate record citations. We thus conclude that Bernat has waived any issue for our review. *See* TEX. R. APP. P. 38.1(f) ("The brief must state concisely all issues or points to be presented for review."), 38.1(g) ("The brief must state concisely and without argument the facts pertinent to the issues or points presented . . . [and] be supported by record references."), 38.1(i) ("The brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## CONCLUSION

We affirm the trial court's judgment.

6

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.